Mr. Hearn, I think we're ready to proceed. Welcome to the court. Thank you, Your Honor, and may it please the court. Congress wrote in 28 U.S.C. 2501 that every claim of which the Court of Federal Claims has jurisdiction shall be barred unless petition thereon is filed within six years after the claim first accrues. In this case, the STB issued an order on June 21st, 2002, under this court's decisions in Caldwell and Barclay. Okay, but Judge Miller is going to say that you are barred any time from opting in any time past the six-year limit. She's going to say that's because of the American Pipe case. Is an opt-in clause past the six-year limit controlled by the spurious suit language of American Pipe? Absolutely not, Your Honor, and let me explain why. First, the question is what jurisdiction Congress said, which was turned on commencing the suit. When the suit was commenced, which was within that six-year period of time on June 12th, the claims that were presented were those identified in the petition, and everyone admits, Judge Miller as well as the government, that that initial original petition presented and commenced the case for all members of the class. There's no dispute about that. We quote at length from the pleadings where the government and Judge Miller acknowledge that. But in the context of an opt-in rule, you have to translate or amplify that by saying provided they opt in on time. Well, that's not what Congress wrote. What Congress said is you have six years to present the claims or commence the case to satisfy it. An opt-in rule is simply a judgment. The statute isn't distinguishing between single plaintiff case versus 1,000 plaintiff case. So I don't see how the statute wins for you. It seems like you have to overcome, just as Judge Rader says, the opt-in requirement as against Judge Miller's ruling that the opt-in requirement has to be met before the statute runs can't be met later. Well, I disagree, Your Honor, and I disagree for this reason. What the statute says is that the claims need to be presented within that six-year period of time, and they need to be presented in a petition. So what we would suggest that the Supreme Court has said is we look at that petition, what claims were presented in that petition. If the class member's claims were presented in that petition, the statute is satisfied. The requirement Congress established has been met. Now, Congress did not write, as we note in our briefing, they readopted the 2501 in 1982. They readopted it after American Pipe was settled law, and everyone knew that when you have a class action, that means this. And that readoption added something, didn't it? Not that I know of, Your Honor. I don't believe it changed. Where did we add in the early filing requirement, the early opt-in requirement, that they must opt-in at the earliest practicable time? Well, that was added when the rules were amended, Rule 23, which was the Federal Rules of Civil Procedure, which was added back in 1966, Your Honor, when the federal rules were amended and then in the Court of Claims, the RCFCs were also similarly amended to add that the court must deferments. That would mean that opt-in cases are not automatically spurious, aren't they? Are they? As long as they've opted in within a reasonable time early in the process, then they are not the spurious class action referred to by American Pipe, where people would wait until even the case was decided before they would opt in, right? Correct. When the court discusses spurious class actions, Your Honor, it's in that reference to footnote 19 in American Pipe in Justice Stewart's decision. What they're talking about is the three classes of class actions, true, hybrid, and spurious that existed before the 1966 rule. That no longer exists, and it's certainly not correct to say or characterize Rule 23 in the Court of Federal Claims or in Federal Circuit as allowing for spurious cases. So you would say that the error Judge Miller made was in classifying all opt-ins as spurious class actions when, in fact, they can't be spurious class actions after the amendment of Rule 23. Precisely. And that's because American Pipe said as much. And in addition to that, Your Honor, I would note that in footnote 19, the Supreme Court in American Pipe refers to a law review article as background discussion, a Villanova article, which details that under the spurious class action pre-1966, the parties had to join by intervention under Rule 24. So it was a very different paradigm. It wasn't a class action as it's currently administered under this court. But the Supreme Court's discussion of opt-in, opt-out, or excuse me, they don't even mention opt-in, opt-out, the Supreme Court's discussion of spurious, they're not concerned about the procedure by which somebody participates. What the Supreme Court was concerned about is when they participate. As Judge Rader, you just noted, the question is they don't want somebody to have one-way intervention where literally they could wait until the final judgment and say, OK, count me in because it was a successful result. But that's not the procedure we have anymore, where we have to, as the rules noted state, we have to have the court determine that at the earliest possible moment. What does all that have to do with the foundation of Judge Miller's ruling? And American Pipe, by the way, dealt with an opt-out, didn't it? Well, I would not say that because what American Pipe dealt with, and it's another unique distinction in this case, is they never reached the procedure by which people would participate. American Pipe said that it did not grant class certification. So there never was a class certification granted in either American Pipe, Crown Court, or the others. What happened in that case is the court never reached the step of determining the procedure by which a judge would allow individuals to, quote, opt-in, opt-out, or how they would be included in the final class. So we don't know what procedure would have been adopted in that case. Was any of this relied on by Judge Miller? Well, Judge Miller's error, Your Honor, is I think the fact that, as Judge Rader was noting, the fact that she equated the current opt-in class to be the equivalent of a pre-1966 spurious class. Well, where did she do that? I think she does that in her opinion where she says the Supreme Court's decision in American Pipe is inextricably linked or connected to the Supreme Court's view in Judge Miller's determination that it was limited only to opt-out post-1966 cases. Where she makes that distinction, that is, I think, her fundamental error. But even more fundamentally, I think the most basic error Judge Miller made was just simply not recognizing the even more basic concept that this is individuals who filed and commenced in action within the statutory period. As we note in our briefing, we don't even need to reach this concept of tolling. American Pipe, Crown Cork, and all the other tolling places are a situation where a class certification is denied, and then the individual who would otherwise have been able to participate or identified and described in that class want to come in either in that court or another court after the statute has run. That's not what this case presents. This is the easy case with a much narrower question. Judge Miller said she would have granted class certification if she had not felt that they were barred because of 2501. These individuals just seek to proceed as class members in this case, and we believe that we are entitled to do that because the claim was timely. Sir, let me ask you, if we were to agree with you and the case goes back, what would be the next step in the proceedings? Would some kind of an order be drawn up and issued that would provide for people to opt in? Correct. It would proceed as Judge Miller indicated she would with the class. She anticipated the possibility of reversal, and in her order had the alternative ruling that I would grant class certification. This case could then proceed as it would under the rules, where there would be a notice to individuals who were eligible, who were described in that class, and the other steps necessary to allow them to choose to participate in this case. That's what we... Can you remind me about the numbers here? We had a single plaintiff originally, plus a class. Correct. And a little later we had something like 20 additional landowners along the right-of-way attempted to join in as named plaintiffs. That's correct, Your Honor. And now we have some unknown number of potential additional plaintiffs who might choose to opt in if we reverse? The way... How many are we talking about in all? How many landowners are there along this right-of-way? It is a right-of-way that's about 28 miles long. By our estimation, there would be something more than 100 potentially eligible property owners able to participate. And they were all, again, identified. That information was provided to the court before the statute of limitations in the motion for class certification, identifying all those members. The individuals who wanted to come in as additional representative plaintiffs, and Judge Miller granted their motion to amend, though she later dismissed them because she felt that they were time-barred. But those individuals were also members of that same class. They came out of that group, if you will, of the 100 or so that are property owners along that. Let me help you out a little bit, too. On page 548 of American Pipe, the court makes clear that it was an opt-out class action. It was brought under Federal Rules of Civil Procedure 23B3. So it was an opt-out. It's for that reason, again, distinguishable from this case. I'm helping you out here. No, I appreciate that, Judge Rader. Don't make it tough on yourself here. But I would say that that is not a distinction, certainly, that the court's decision turned on. No. It dealt with the spuriousness. And that, as you point out, is remedied by the rules which require early practicable opting in. Will that happen here? Yes, Your Honor. Well, in fact, Judge Miller even took the step of saying, I've already made that determination. Were it not for people's mistaken belief that it was time-barred, we already have that determination that class certification would be granted. And the next step is a notice to those individuals saying, do you choose to participate? And that's another important distinction with this opt-in, opt-out procedure. The rules, the statute, never mentions what opt-in is. We all think we know what it is. But it's actually one step in a series of steps that are administratively and judge-made different for each case. The procedure really has to be spelled out in the order that the court issues, the opt-in procedure. Precisely, Your Honor. And it's different in every case. And it's tied to what that person must submit. So for example, the purpose of the opt-in is to say that individual says, I was, in fact, an eligible member of this class as defined when the case was commenced because, here, see these documents attached. It's not just a sheet of paper that says, yes or no, I want to participate. But the judge normally orders that certain information that's, in this case, deeds or other proof of ownership on the particular date be submitted with it. Information that is more than is required to satisfy 2501. Certainly not something that Congress said must be satisfied in order for an individual to make a claim. Again, we go back to our fundamental point, which is, while it's certainly interesting and we enjoy discussing tolling in American pipe, and we certainly believe that under American pipe that that is still good law. John R. Sand didn't overrule it. But we don't need to reach the concept of equitable tolling. We don't even need to reach the concept of tolling because, unlike the class members in those cases, these individuals just want to proceed in a case that would otherwise be certified for a class. We're not trying to come in. Do you want to save any time for rebuttal? I would say five minutes, Your Honor. Well, you're down to two. OK. Thank you. I will save the balance of my time. Thank you. Ms. Tardy. Yes, good morning, Your Honor. May it please the court. It's certainly undisputed here that if these appellants had filed their own complaint, joined one of the several pending actions involving the human rights. Ms. Tardy, let me ask you, if I could, please. I'm sorry to be so quick cutting you off. That's OK. Let me ask you this. Let me give you a hypothetical. I'll try and keep it simple. We're in the Court of Federal Claims. We have a six-year statute of limitations. Six months before the end of the statute of limitations, a suit is filed and it's asserted to be a class action suit. OK. Four months later, after briefing, argument, et cetera, the Court of Federal Claims issues an order saying, I find there's a class. And we're in an opt-in situation because we're in Court of Federal Claims Rule 23. And the court sends out an order that says, all right, everybody has six months to opt into this class. 100 people try and come in. 50 of them come in within two months before the end of the statute of limitations, the six-year. But the other 50, although they comply with the order that has been issued by the court, they come in within the six-month period of the order. They enter after the limitation period is run. Now, is it your position that those people would be barred by the statute of limitations, even though they complied with an order that was issued by the court? It is our position that those claims, that those persons who opted in after the six-year period had run would be time-barred. And that would certainly be an error on the court's part in issuing an order that allowed them to opt-in after that period had expired. And certainly, in practice, the Court of Federal Claims is very cognizant of this particular decision, knowing that it's not binding and is before this court now. And when the time is tight, they are issuing orders and requiring notice to be made post-haste and setting a deadline that allows the putative class members to opt-in within that period. Nobody could really come in in this case, because you had the case was filed 12 days before the end. Nine days before the statute of limitations was due to run. And then they just requested certification within the six-year period. So nobody could really timely opt-in. In this particular case, the complaint seeking to certify a class action was filed too late. When they filed nine days before that statute of limitation was due to expire, they didn't give them the statute of limitations. Why didn't the Federal Rules of Civil Procedure, enacted by Congress, waive the sovereign immunity? I am jumping ahead to recognize that the only way you could make that argument is if you're saying this is all jurisdictional and they have not waived sovereign immunity. But why haven't they? I can't speak to why Congress has not, but Congress has. No, they have. The point is they've enacted Federal Rules of Civil Procedures that authorize class actions and waive immunity for them. But the Federal Rules of Civil Procedure are not the relevant rules in this case. We're dealing with the rules of the Court of Federal Claims, which are procedural rules, don't have the weight of Congress. The key, though, really, is getting a fax point in time. You're correct on that point. I think up to a point. But isn't that argument of yours undermined a little bit by three things? One, 28 U.S.C. 2503, in which the statute enacted by Congress says the Court of Federal Claims can enact its own rules. And two, what we said about that in M.A. Mortensen, where we kind of said this is effectively, it has the imprimatur, if you will, of congressional action. And three, the Wood-Ivey decision. I think those three points, considerations, I think respectfully undermine a bit what you're saying in response to Judge Rader's question. Let me add one more. The Little-Tucker Act allows Federal Rules of Civil Procedure. The Congress has approved them for the Court of Federal Claims, giving them the same authority and waiver of sovereign immunity. I think to answer both of those questions, we have to step back and look at 2501, which is the specific statute of limitations at issue here, of course. It gives us six years. And as Mr. Harness pointed out, it says that every claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless a petition thereon shall be filed. Now, that statute itself doesn't expressly contemplate class actions. It is singular in nature. The availability of class actions, then, 2501 uses the same words as 2401, which is the Little-Tucker Act that I just talked to you about. Correct. I think the distinction is, I think, the word petition in 2501 has been replaced with the word complaint. But I think this court in George Alice has said that they are essentially the same statute. Correct. But that statute doesn't expressly deal with class actions. So class actions are governed by the rules. It doesn't expressly provide for tolling in the context of class actions. It has some other extension provisions that don't apply here. So then, if we go and look at the Court of Federal Claims rules, we've got Rule 3, which the appellants rely on here, which talks about a civil action being commenced with the filing of a complaint. But even that rule doesn't deal with the question of when class action claims are properly brought before the court. That's governed by Court of Federal Claims Rule 23. And there, the opt-in nature of class actions in the Court of Federal Claims is significant because the mere filing of the complaint here by a single landowner does not bring the claims of the putative class members before the court in a manner that can be said to satisfy the statute of limitations. Why is it that the federal rules of civil procedure have the same opt-in provisions? Well, the federal rules of civil procedure, certainly as applied in American pipe, are decidedly opt-out. I mean, I think they maybe allow for. Isn't that the error of Judge Miller here, is that she equates American pipe's spurious class actions with the opt-in here? I don't think she equates that at all. I mean, I think she recognized that in American pipe, it was important that that was opt-out. And the court recognized that the amendments to Federal Rule 23 in 1966, which dealt with the spurious problem and making it opt-out, that after that date. You can't opt-in. You can't. As long as you file before the statute of limitations, you can opt-in. Correct. At the earliest practical time. At the earliest practical point. But the point I was trying to get at was that in that context. Why isn't this the earliest practicable time? They gave notice even at the very earliest point. Well, the determination as to whether the action will be allowed to proceed as a class action has to be made at an early practicable time under either rule. But the difference is that in the opt-in context, the court's decision to certify the class action, that doesn't even bring the claims of the putative class members before the court. There is still an affirmative obligation on the part of the class members to join that class action. Let me ask you this, though. Isn't the logical conclusion of your argument is that basically, you're saying that the 2501 trumps the Rule 23 in the Court of Federal Claims? I think 2501 is a statutory provision, and the rules can't extend it. I mean, 2501 is a statute of limitations provision. We know it has to be adhered to. It was adhered to with Mrs. Falverdue. Mrs. Falverdue, yes. OK. And really, the whole class action regime, whether you're opt-in or opt-out, is something that comes into play once someone is properly in court asserting a class. But the problem with that logic is that in the opt-in context, again, Mrs. Falverdue does not have the ability to assert the claims, the individual claims, of her fellow landowners, her neighbors. She simply does not have the ability A claim in the takings context is specific to the individual property owner. So we do not have a situation, say, in the opt-out context, where you often see where the single plaintiff seeking to certify a class action is seeking injunctive relief that will benefit the class, as generally defined, without any need to identify those class members. In the takings context and under the opt-in rule, that is absolutely not the case. Each individual property owner claiming that there has been a taking of that property interest has to come forward. They have to essentially join the class action, I guess. So are you saying that's why, in a way, that the Court of Federal Claims rule is an opt-in procedure as opposed to an opt-out? That's one of the reasons. I think if you look at the rule committee notes associated with the rule, and it was amended in 2002, it made it very clear that the rule in the Court of Federal Claims is opt-in only, and one of the reasons was the need for specificity in money judgments. And obviously, in a takings case, the relief being sought is just compensation. And so if we proceed and litigate Mrs. Favreau's claim and determine that she has the requisite title, if the court reaches the merits and determines liability in her favor, just compensation is specific to her property. How much acreage does she have? All those factors. Are you saying that this rule, that the opt-in rule, are you saying, supposing you had a different kind of case in the Court of Federal Claims? We know this is a takings claim, but supposing you had one of these pay provision cases where everybody who worked a certain amount of hours did a certain amount of work, say, you had a whole bunch of people claim they were entitled to hazardous duty pay, for example. Is that the kind of thing where you would say the initial litigant who came in timely under the statute of limitations could represent the class, whereas someone in the posture of Mrs. Favreau, you would say, could not? Well, it's obviously going to depend on the specific facts of each case, and they vary tremendously. I should say that's an easier one for the plaintiffs than this one. That may be easier in the context of liability, but still, I mean, opt-in is the rule in the Court of Federal Claims, because even there, the determination of damages on the back pay, that's going to be specific to each claim. Well, that's always the case, isn't it? But you had notice well in time. You knew who these 100 people were and what their causes of action were going to be. Certainly, the filing of the class action. It's not like you're prejudiced by lack of notice, which is what we're usually worried about. And that gets us back to the purpose of this particular statute of limitations. If we go back to John R. Sand, John R. Sand explained that there are really two categories of statute of limitations. The first one are statutes that are intended to essentially provide notice to the defendant. The second category, which is where we are with 2501, are more absolute in their nature. And in this particular case, it's a statute of limitations that serves to limit the government's waiver of sovereign immunity to suit. And the Supreme Court there was very clear. The Sand case was equitable tolling. How applicable is that here? This isn't a tolling case. It is not judicial tolling based on equitable consideration, but this case involves judicial tolling to give effect to the court's procedural rules. But our Ardick Slope case pointed out that it's further inapplicable because equitable tolling in cause of act, equitable tolling is different from class action tolling, right? Equitable tolling occurs on different grounds, certainly. But again, because we're dealing with the court's procedural rules, when the court is looking to give effect to its procedural rules, it has to do so in a manner that's consistent with the specific statute of limitations. And that's really what American Pipe tells us, that American Pipe didn't just create and announce a universal rule of class action tolling, even in the context of that decision. The court's decision was specific to the statute of limitations in question, which was of the more notice variety of the first category that John R. Sand explained. But you're going to expand. If you prevail here, Sand will now apply to all kinds of tolling. Arctic Slope will essentially be meaningless, because you'll say, well, it applies to class of action tolling as well as equitable tolling. I think just in, let me say that. You want to expand Sand beyond its facts, right? In this case, no. And we don't have to in this case. But I think we're taking the same approach that we've had to take post-Irwin, where in determining whether a particular statute of limitations was subject to equitable tolling, you really need to do that on a case-by-case basis, looking at the specific statute of limitations. Looking at it that way, the statute of limitations for the Court of International Trade is similarly jurisdictional. And yet, in the Stone Container case, we said that class actions were permitted. And I think the distinction there in Stone Container was that the court looked at the specific statute of limitations and issues, said that it expressly incorporated the class action rule. And through that mechanism, called it statutory tolling by incorporating the rules into the statute. So that's the distinction here. We don't have a situation here where the appellants have pointed to another federal statute that can be said to have modified 25-01. Excuse me, your time is coming to a close here. I wanted to squeak in, if I could, with one more question. Please do. I gave you a hypothetical at the beginning of the thing. And then we have the facts of this particular case. My hypothetical was they filed their claim six months before the end of the limitations period. Here we have them filing 8, 12 days before. We have an amicus brief, I guess from the Klamath litigants, where they say, let's take the situation where someone files their claim, Ms. Favregue's claim, say, a day after it accrued. And yet, through the litigation process and everything else that takes place, motions, interlocutory review, et cetera, we don't get down to having a class action certification in order issued until six months or one day before the end of the limitations period. And then at that point, the litigants are given six months. Are you saying in that point, they'd be barred because the Court of Federal Claims has acted wrongly, even though, say, during that whole period, when it was in the limitations period, there was litigation going on. Maybe they tried to come in. The government said, no, you can't come in. You haven't been allowed. I mean, isn't it? I know you have to defend your position, but that's kind of a scenario makes you recoil a little bit. Well, and let me make two points there that I think answer the question. First of all, in Klamath, bear in mind that when the plaintiffs there, and that was my case, so I'm very familiar with it. When the plaintiffs there filed their complaint on the same day in 2001, they filed a motion for class certification. And they filed a motion asking the court to hold that motion for class certification in abeyance, saying that class certification may not be necessary. It may be redundant in this case. So they asked the court to hold on to it. As a more practical matter moving forward, I think clearly with clarification of the nature and purpose of 2501 and whether the court's rules can be applied in a manner that extends it, we're not going to see that situation where a court sits on it. And if by chance you have a judge who sits on it. We had the case that you were here in the courtroom before. Litigation sometimes moves very slowly. It does. You can have a situation where someone files timely in the limitations period, namely the early end of the period, yet the class action issue didn't get sorted out till the end. And it would seem harsh to tax, if you will, the people who try to opt in in accordance with an order that's issued at the end of the period. And I'm well over my time. So let me just answer briefly. And bear in mind that we have a full six year statute of limitations. And every claimant seeking to bring their claim in this court has a variety of options available to them. In this case, these plaintiffs could have filed their own complaint individually, collectively. They could have sought to join one of several pending actions involving the same right-of-way. There were 110 other plaintiffs who filed their claims within the six years. These appellants did not. They could have sought to intervene. Many options available. It is within the power of these plaintiffs and others to bring their claims in a timely manner. They simply didn't do so here. Thank you. Thank you. Mr. Hearn. Very briefly, Your Honor. The John R. Sand, which I know the government, as Judge Miller indicated, is seeking to expand or extend in a very novel way, involved a case where the complaint was originally filed after the six year statute of limitations had already run. We are not confronted with that situation. We are confronted rather with the situation where the complaint that commenced the case and described the complaint, the claims of the class members, was timely filed. That's a important distinction, we believe. And it is one that shows that this was satisfied. How do you get around 2501? I think we simply satisfy it. Because we look at 2501 and we would say, what does it require? It requires a petition. We would look at the petition. What is described in the petition are the claims that are presented. And those claims described in the original petition were the claims for all those property owners. And everybody understood that. This is not a case, the government may have more of an argument. If they were arguing a situation where just Erlene Farbigue filed her complaint, and then the statute ran, and then sometime after the fact, we tried to amend it or add a class action complaint, that would be a different situation. That's not what we're confronted with. What Congress required was simply the filing of a complaint that established that. And as Judge Schall, your questions are noting, it would create an administrative nightmare to adopt the proposition the government has. Because as I've indicated, every different class action complaint, the opt-in procedure is different and tailored and subject to the litigation in that case. The claimant case is not a anomaly. There are many cases where a variety of pieces of the litigation delay the determination of class certification or allowing the individuals to even opt in. So it would create literally a nightmare. And it would go directly contrary to the reasons the Supreme Court indicated in American Pipe and in Crown Court that we have class actions. And as this court did in Quinault, to use that as a tool to effectively, efficiently resolve these claims without requiring, as the government now proposes, every individual to go out and file multiple individual cases. Thank you, Your Honor. Thank you both. The appeal is submitted.